**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:     JOHN S. STEWART, Jr.    :    Chapter 7

Debtor(s)    :    Bky. No. 05-31747ELF

**M E M O R A N D U M**

BY:  ERIC L. FRANK,  U.S.  BANKRUPTCY JUDGE

**I.**

In this individual chapter 7 bankruptcy case, the Debtor has filed an objection to the proofs of claim filed by the Trustee on behalf of two (2) unsecured creditors.  The Debtor asserts that the Trustee lacks the power under 11 U.S.C. §501(c) and Fed. R. Bankr. P. 3004 to file a proof of claim of claim on behalf of a creditor who holds a dischargeable claim.

The contested matter arising from the Debtor's objection raises a fundamental question regarding the role of the trustee in bankruptcy liquidations under chapter 7 of the Bankruptcy Code.  However, I find it unnecessary, at the present time, to decide the issue framed by the parties.  Instead, as explained below, a decision on the Debtor's objection to the proofs of claim filed by the Trustee will be deferred until the resolution of other matters that are being litigated or that are subject to litigation in this bankruptcy case.

**II.**

On September 1, 2005, Debtor John E. Stewart, Jr. ("the Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code in this court.  In his bankruptcy Schedule A, the Debtor listed a "½ bare legal title" interest in the real property located at 2521 S. Garnet Street,

Philadelphia, PA 19145 ("the Real Property").[1] The Debtor valued his interest in the Real Property at "0.00." In his bankruptcy Schedule F, the Debtor listed credit card debts owed to AFSME Union Plus Credit Card and MBNA America Bank in the amounts of $11,972.55 and $21,525.12 respectively. The Debtor did not list either claim as being contingent, unliquidated or disputed.

The meeting of creditors pursuant to 11 U.S.C. §341 was held on October 7, 2006, after which the Trustee filed a Report of No Assets. On November 8, 2005, the Trustee filed a Notice of Change from No-Asset to Asset Case and Request to Set Bar Date to File Claims.

On November 8, 2005, the Clerk of the Bankruptcy Court issued a Notice of Deadline to File Proof of Claim which set February 10, 2006 as the last date for filing proofs of claim ("the bar date").[2] The docket reflects that the Clerk's notice of the bar date was served on all interested parties (and, in particular, the two unsecured creditors listed in the Debtor' Schedule F) by first class mail on November 11, 2005. See Docket Entry #15.

The notice scheduling the meeting of creditors pursuant to 11 U.S.C. §341 also established December 6, 2005 as the last date for creditors to file a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(c) and Fed. R. Bankr. P. 4007(c). See

---

[1] The court may take judicial notice of the docket and the content of the bankruptcy schedules and other documents filed in the case for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute. See Fed. R. Evid. 201; In re Scholl, 1998 WL 546607, at *1 n. 1 (Bankr. E.D. Pa. Aug. 26, 1998). See also In re Indian Palm Associates, 61 F.3d 197, 205 (3d Cir. 1995).

[2] See Fed. R. Bankr. P. 3002(c)(5) (if no-asset notice was given to creditors pursuant to Fed. R. Bankr. P. 2002(e) and subsequently, the trustee notifies the court that a distribution to creditors is possible, the clerk shall notify the creditors of the potential distribution and of their right to file a proof of claim within 90 days after the mailing of the clerk's notice).

Docket Entry #5.  The notice was served on all interested parties on September 10, 2006.  Docket Entry #6.  No party filed a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(c) prior to the expiration of the December 6, 2005 deadline.

On March 6, 2006, the Trustee filed two proofs of claim as follows:

1. Claim No. 1, filed as a general unsecured claim on behalf of AFSME Union Plus Credit Card in the amount listed in the Debtor's Schedule F ($11,972.55); and

2. Claim No. 2, filed as a general unsecured claim on behalf of MBNA America Bank in the amount listed in the Debtor's Schedule F ($21,525.12)

On March 8, 2006, the Debtor filed an objection to the proofs of claim filed by the Trustee on behalf of the two unsecured creditors.  A hearing on the objection was held on April 26, 2006.  At the conclusion of the hearing a briefing schedule was established.  The final submission was filed with the court on May 19, 2006.

### III.

The Debtor's objection to the allowance of the proofs of claim filed by the Trustee is linked to a second dispute between the parties.  After the Trustee filed her Notice of Change from No-Asset to Asset Case stating that there may be assets for distribution based upon her intention to administer the Real Property, the Debtor initiated an adversary proceeding, docketed at Adv. No. 06-119 ("the Adversary Proceeding"), by filing an adversary complaint, ("the Adversary Complaint"), seeking a declaratory judgment that his interest in the Real Property is merely a bare legal title, without value. The Debtor contends that he obtained his undivided interest in the Real Property from his mother who made the transfer for estate planning purposes and who,

notwithstanding the conveyance of legal title, intended that the transfer result in the property being held in trust for her.[3]

The Trustee, meanwhile, believes that the Debtor's interest in the Real Property has value. Consequently, on February 8, 2006, two (2) days before the expiration of the bar date, the Trustee filed a Motion to Sell Property Pursuant to 11 U.S.C. §363(h).[4]

In this case, no creditor filed a proof of claim within the deadline set pursuant to Fed. R. Bankr. P. 3002(c)(5). See note 2, supra. In the absence of any allowed claims, there would be no purpose served by the Trustee's administration of property of the bankruptcy estate as there would be no claimants entitled to distribution.[5] However, on March 6, 2006, after the expiration of the February 10, 2006 bar date, the Trustee filed the proofs of claim on behalf of the two (2) unsecured creditors.

The Trustee looks to both 11 U.S.C. §501(c) and Fed. R. Bankr. P. 3004 as the source of her authority for filing the proofs of claim on behalf of the two creditors. Section 501(c) provides: "If a creditor does not timely file a proof of such creditors' claim, the debtor or the

---

[3] The Adversary Complaint alleges that: (1) the Debtor's mother acquired title to the Real Property in 1951 and has lived there continuously since; (2) the Debtor's mother continues to reside in the Real Property and pay all of the property's expenses; (3) initially, the Debtor's mother conveyed the Real Property to the Debtor "to hold in trust for her" for no consideration; and (4) the Debtor's mother then directed the Debtor to transfer the Real Property to the Debtor and the Debtor's sister (Susan D. Harris). Adversary Complaint ¶¶6-12.

[4] Pursuant to 11 U.S.C. §363(h), the Trustee may, subject to certain conditions, sell both the estate's interest and the interest of a co-owner in property in which, as of the commencement of the case, the debtor was a tenant in common, joint tenant or tenant by the entireties.

[5] Compare 11 U.S.C. §726 (requiring that claims be "allowed claims" in order to receive a distribution from the trustee) with 11 U.S.C. §502(a) (claims "filed" under §501 are deemed allowed) and Fed. R. Bankr. P. 3002(a) (subject to certain exceptions which are inapplicable in this chapter 7 case, a creditor must file a claim for the claim to be "allowed").

trustee may file a proof of such claim." Rule 3004 provides:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

The Trustee filed the proofs of claim on behalf of the two (2) unsecured creditors on March 6, 2006, less than thirty (30) days after the February 10, 2006 bar date. Thus, the proofs of claim were filed within the thirty (30) day time period after the bar date, as provided by Rule 3004.

The Debtor objected and requests that both proofs of claim be disallowed. In his objection, the Debtor contends that the Trustee's power to file a proof of claim on behalf of a creditor after the passage of the bar date extends only to claims which are nondischargeable, where the filing of a claim will provide a benefit to the bankruptcy debtor.[6] As the Debtor's counsel candidly explained at the April 26, 2006 hearing, the Debtor's goal is to prevent the Trustee from administering the Real Property. The Debtor reasons that if all of the filed claims are disallowed, it would be inappropriate for the Trustee to administer the Real Property.

At the April 26, 2006 hearing, the Debtor urged the court to decide a threshold issue

---

[6] If a debt is nondischargeable, by definition, the debtor will remain liable on the debt after the entry of the discharge and the conclusion of the bankruptcy case. Thus, in an asset case, the debtor benefits when a creditor holding a nondischargeable debt receives a distribution from the debtor's non-exempt assets distributed by the trustee. Such a distribution reduces the amount that the debtor might have to pay subsequently from assets acquired by the debtor post-bankruptcy. When a creditor holding a nondischargeable debt fails to file a claim, whether by mistake or, perhaps, purposely as a means to inflict further financial "pain" on the debtor, Rule 3004 provides a vehicle for the debtor and the trustee to file a claim for the non-filing creditor to assure that the creditor receives a pro rata distribution from non-exempt estate property.

raised by his objection: whether the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize the Trustee to file a proof of claim on behalf of a creditor holding a dischargeable claim against a bankruptcy debtor. The Debtor pointed out that resolution of the threshold issue was the most economical manner of proceeding because if the court held that the Trustee lacked the power to file the two proofs of claim and sustained the objection on that basis, the parties and the court would be spared the time and expense of resolving the factually intensive issues raised by the Debtor in the Adversary Proceeding. The Trustee agreed with the Debtor's suggestion. Consequently, the parties and the court proceeded down the path suggested by the Debtor.

### IV.

Other events have overtaken the best intentions of all concerned with respect to the procedure to be employed in resolving the dispute between the Debtor and the Trustee.

On June 26, 2006, eCast Settlement Corporation ("eCast") filed a proof of claim. In the proof of claim, eCast asserts that it is the assignee of HSBC Bank Nevada NA/HSBC Card Services and holds an unsecured claim in the amount of $12,465.85.

No objections have been filed to the eCast proof of claim. Thus, at least as of this moment, the eCast proof of claim has been allowed. See 11 U.S.C. §502(a). Also, even though the claim was not timely filed, unless the Debtor can successfully object to the eCast claim in its entirety on the merits, the claim will be allowed as a tardily filed claim and its holder will be entitled to a distribution from the Trustee. See 11 U.S.C. §726(a)(3).

The consequence of the filing and allowance of the eCast proof of claim is that resolution

of the threshold issue regarding the Trustee's authority to file the proofs of claim will not necessarily obviate the need for trial of the Adversary Proceeding. Even if I were to sustain the Debtor's objection, the Trustee will still have a basis for administering the Real Property because liquidation of the Real Property, if appropriate, would provide a fund for the Trustee to make a distribution to eCast. Thus, if I were to resolve the threshold question in favor of the Trustee now and later decide the Adversary Proceeding in favor of the Debtor, my decision on the threshold question will have turned out to have been unnecessary.

As matter of jurisprudential discretion, I believe it is appropriate to decide the provocative (and interesting) threshold issue raised by the Debtor only if it is necessary to resolve the parties' dispute. Consequently, I will defer a decision on the Debtor's objection at this time and return to it only if it becomes necessary at a later stage of the proceedings.[7]

---

[7] There are two scenarios which could result in the need to decide the threshold question.

First, if the Debtor can successfully object to the allowance of the eCast claim on the merits in its entirety, the case would return to the posture it had on April 26, 2006 and it might then be appropriate to decide the threshold issue before trying and deciding the Adversary Proceeding. In order to prevent any further delays in this matter, I will set a fifteen (15) day deadline for the filing of any objections to the eCast claim.

Second, if the trial of the Adversary Proceeding results in a judgment adverse to the Debtor, consideration of the Debtor's objection might be warranted. At this time, the parties believe that the Debtor's objection might also determine whether the Trustee can administer the Real Property. However, as explained above, so long as the eCast claim is an allowed claim, the propriety of the administration of the Real Property is not at issue. Later, if the Real Property is liquidated by the Trustee and a fund for distribution to creditors is created, I can revisit the threshold issue raised by the Debtor's objection, although for reasons that differ from those presently articulated by the Debtor. Resolution of the Debtor's objection, after liquidation of the Real Property, could affect the distribution of estate assets by the Trustee. In particular, the objection could affect whether the Debtor is entitled to a distribution of estate property from the Trustee pursuant to 11 U.S.C. §726(a)(6) and, if so, the amount of money to be distributed. See generally In re Choquette, 290 B.R. 183 (Bankr. D. Mass. D. 2003) (if estate is solvent, chapter 7

An order consistent with this Memorandum will be entered.

Date: ___September 5, 2006___   _____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

debtor has standing to object to claims filed against the estate).